McGREGOR W. SCOTT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:10-CR-00044-WBS |
|---|---|
| Plaintiff, | STIPULATION RE ADMISSION AND DISPOSITION OF SUPERVISED RELEASE VIOLATION; ORDER |
| v. | |
| WILLIAM THOMAS BERUMEN, | DATE: July 20, 2020<br>TIME: 9:00 a.m. |
| Defendants. | COURT: Hon. William B. Shubb |

Defendant William Thomas Berumen (the "offender"), the United States of America (the "government"), and the United States Probation Office for the Eastern District of California submit this stipulation and request regarding disposition of the offender's term of supervised release. In summary, the parties and the assigned probation officer jointly move the Court to enter an order (i) finding the offender in violation of the terms of his supervised release, on the basis of his admission to the violation set forth below; (ii) revoking the offender's supervised release; (iii) sentencing the offender to time served; and (iv) terminating the offender from federal supervision.

### I.    DEFENDANT'S STIPULATIONS AND ADMISSIONS

The offender stipulates to the following facts as set forth below.

**A.    Voluntary and Knowing Waiver of Rights.**

1. The offender has received the Petition for Warrant or Summons for Offender Under Supervision (the "violation petition"), which charges him in Charge 1 with violating the term of his

federal supervision that he refrain from committing any federal, state, or local crime.  ECF No. 34 at 2.  He has had sufficient time to discuss this alleged violation with his counsel, and he understands the charge contained in the violation petition.

  2. The offender has discussed with counsel his right to a revocation hearing regarding Charge 1 of the violation petition.  *See* Fed. R. Crim. P. 32.1(b)(2).  He understands that at such a revocation hearing, he would have the right to written notice of the alleged violation, to disclosure of the evidence against him, to appear on his own behalf, to present evidence, to question any adverse witnesses, to be represented by appointed counsel, to make a statement, and to present information in mitigation.  *Id.*

  3. The offender knowingly and voluntarily waives the foregoing rights.  The offender stipulates that this knowing and voluntary relinquishment of his rights constitutes a valid waiver as contemplated by Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure.

  4. The offender and his counsel have discussed the fact that the offender has a constitutional right to be present before the Court during his revocation hearing.  The offender knowingly and voluntarily waives that right and explicitly requests that the Court dispose of his charged supervised release violation without a hearing in the manner described below.

  **B.** **Admission to Violating Terms of Supervised Release.**

  5. The offender admits to the allegation contained in Charge 1 of the violation petition.  ECF No. 34 at 2.  Specifically, he admits that on November 30, 2012, he committed a state crime in violation of the terms of his federal supervision by intentionally setting fire to the bathroom at the facility in which he was then residing.  *See* ECF No. 34 at 2.  He admits that the facts set forth in the violation petition, ECF No. 34 at 2, and the evidence referred to in the violation petition, ECF No. 34 at 5, fully support the finding that he committed the charged violation of his supervised release.  The offender acknowledges and understands that his admission to Charge 1 of the violation petition provides the Court with a basis to find him in violation of the general condition of his supervised release, which states, "The offender shall not commit any federal, state, or local crime."  ECF No. 34 at 2.

  6. The offender understands and acknowledges that the foregoing admission carries with it potential consequences, including a term of incarceration of up to twenty-four months.  ECF No. 34 at 7.

The offender further understands and acknowledges that the range of imprisonment associated with his admission pursuant to the United States Sentencing Commission Guidelines Manual is between eighteen and twenty-four months.  *See* ECF No. 34 at 7.

7. The offender nevertheless confirms that he did engage in the conduct described in the violation petition and admits that this conduct constitutes a violation of the terms of his supervision.

C. **Electronic Signature Pursuant to General Order 616.**

8. The offender has consulted with his counsel regarding this stipulation, the proposed disposition of his charged supervised release violation, and his defense counsel's ability to sign this stipulation on the offender's behalf pursuant to General Order 616.  The offender agrees that pursuant to General Order 616, his counsel's signature on the offender's behalf operates to bind him to this stipulation.

9. Obtaining an actual signature on this document from the offender, who is incarcerated at the Sacramento County Main Jail, would be both impracticable and imprudent in light of safety measures in place there to combat the COVID-19 public health pandemic.

10. Pursuant to General Order 616, the offender consents to his defense counsel signing this stipulation and request on his behalf using defense counsel's electronic signature.

II. **JOINT STIPULATIONS**

The offender, the government, and the assigned probation officer stipulate to the following facts.

11. The offender suffers from mental health challenges, and the parties and the probation officer desire for the offender to receive appropriate mental health services in the most effective and efficient manner possible.

12. The offender is currently subject to state parole after having served a term of state imprisonment for substantially the same conduct that underlies Charge 1 of the violation petition.  *See* ECF No. 34 at 2.  The offender's federal probation officer has engaged in substantial discussions with the offender's state parole officer to coordinate the most effective strategy to provide the offender with the mental health services he needs.

13. In the opinion of the offender's federal probation officer, the offender will receive higher-quality mental health services through state supervision than he will receive through federal supervision.

1 | In the opinion of the offender's federal probation officer and the government, there is little to no tangible benefit to the offender or to the community at large from the offender remaining subject to two concurrent supervisory regimes.

14. The parties and the assigned probation officer jointly stipulate and request the following:

   a) The Court find that the offender's waivers in this stipulation are knowingly and voluntarily made, and that the offender's supervised release violation is appropriate to be disposed of without a hearing or appearance before the Court;

   b) The Court accept the offender's admission to Charge 1 of the violation petition and enter this admission on the record;

   c) The Court find the offender to be in violation of the terms of his supervised release imposed on March 25, 2011;

   d) The Court enter an order (i) revoking the offender's supervised release, (ii) sentencing him to time served on the instant violation, and (iii) terminating the offender's supervised release.

15. Should the Court grant the foregoing requests, the parties further request that the Court vacate the admit/deny hearing currently set for July 20, 2020. *See* ECF No. 65.

Dated:  July 15, 2020            /s/ WILLIAM BONHAM
                                 WILLIAM BONHAM
                                 Counsel for Defendant
                                 WILLIAM THOMAS BERUMEN

Dated:  July 15, 2020            /s/ WILLIAM THOMAS BERUMEN
                                 WILLIAM THOMAS BERUMEN
                                 Defendant, by counsel

Dated:  July 15, 2020            /s/ GAREY WHITE
                                 GAREY WHITE
                                 Senior United States Probation Officer

STIPULATION RE ADMISSION AND DISPOSITION OF                4
SUPERVISED RELEASE VIOLATION

1  Dated: July 15, 2020              McGREGOR W. SCOTT
                                     United States Attorney

                                By:  /s/ SAM STEFANKI
                                     SAM STEFANKI
                                     Assistant United States Attorney

**ORDER**

The Court adopts the stipulation and associated findings set forth above and will issue an Order consistent with them.

Specifically, the Court finds that the offender has validly, knowingly, and voluntarily waived his right to a preliminary hearing under Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure. The Court finds that the offender has validly, knowingly, and voluntarily waived his right to be present before the Court for all remaining proceedings regarding the charged violation of the offender's supervised release terms. The Court accepts the offender's admission to Charge 1 of the violation petition and finds the offender to be in violation of the terms of his supervised release. The Court finds that the offender's admission is supported by a factual basis as set forth in the violation petition.

After considering the factors in 18 U.S.C. §§ 3583(e) and 3553(a), the Court hereby revokes the offender's supervised release and sentences the offender to a term of imprisonment of time served. The Court terminates the offender's remaining term of supervised release.

The admit/deny hearing currently set for July 20, 2020, is hereby vacated.

IT IS SO FOUND AND ORDERED.

Dated:  July 21, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE